IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 2:21-cr-417 |
| | ) | |
| v. | ) | 18 U.S.C. § 1952(a)(3) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| BRIAN D. HERNDON | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| | ) | **INFORMATION** |

THE U.S. ATTORNEY CHARGES:

### COUNT 1
### (Use of Interstate Facility to Facilitate Bribery)

On or about February 7, 2020, in the District of South Carolina and elsewhere, BRIAN D. HERNDON used a facility in interstate/foreign commerce, namely, a cellular phone, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is:

a.     bribery in violation of SC Code §8-13-705; i.e., HERNDON directly and indirectly, knowingly asked, demanded, exacted, solicited, sought, accepted, received, and agreed to receive something of value as a public employee in South Carolina for himself and another in return for being influenced in the discharge of his official responsibilities, and in return for being influenced to commit, aid in committing, collude in, allow fraud, and make an opportunity for the commission of fraud on a governmental entity, that entity being the City of Charleston; and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, by encouraging Charles Mincey to place a bid in the amount of $14,195 for a contract to repair a roof at 1521 Acacia Street, Charleston, South Carolina,

1

knowing (based on his official responsibilities as a Project Manager for the City of Charleston) that this was the City's budget for the project, and then facilitating the award of that contract to Charles Mincey's company in exchange for the payment of a bribe in the amount of $300, and also accepting that bribe in the amount of $300.

In violation of Title 18, United States Code, §1952(a)(3).

### FORFEITURE

USE OF INTERSTATE FACILITY TO FACILITATE BRIBERY:

Upon conviction to violate Title 18, United States Code, Section 1952 as charged in this Information, the Defendant, BRIAN D. HERNDON, shall forfeit to the United States any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violation charged in this Information includes, but is not limited to, the following:

> Cash Proceeds / Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offense charged in this Information, or traceable to such property, and all interest and proceeds traceable thereto.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant-

    A.    Cannot be located upon the exercise of due diligence;
    B.    Has been transferred or sold to, or deposited with, a third person;

      C.      Has been placed beyond the jurisdiction of the court;
      D.      Has been substantially diminished in value; or
      E.      Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

*/s/ M. Rhett DeHart*
M. RHETT DEHART (AES)
ACTING UNITED STATES ATTORNEY