IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 2:21-cr-417-MBS-1 |
| vs. | ) | |
| | ) | |
| Brian D Herndon, | ) | **O R D E R** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Because of the emergency circumstances created by the COVID-19 pandemic, the District Court has been given the authority and developed the capacity to conduct criminal sentencings via video or telephone for defendants currently released on bond.  These proceedings have several significant limitations, the most notable being that the defendant is not in the presence of the district judge and cannot make an in-person appeal to the district judge. Other limitations include a capacity to include only four locations via video (with three being used by the defendant, defense attorney, and district judge) and the probability that witnesses and family members wishing to speak on behalf of the defendant would be required to participate over telephone lines.[1]

    The court's intention is to schedule video or telephone sentencings only where the defendant consents to such a hearing. Otherwise, the court will continue sentencing hearings until in-person proceedings can be accomplished without placing undue health risks on defendants, their families, court personnel, attorneys, and others who may wish to attend the sentencing.   In the event a defendant desires to schedule a video or telephone sentencing, the defendant may move before the court to conduct such a sentencing. The motion should state that

---

[1] Where video sentencing is not available, the District Court is authorized to conduct sentencings via telephone only. The Court views telephone hearings to have the same limitations, if not more, than video sentencing.

the defendant has obtained advice of counsel on the issue and is aware of the limitations imposed by a video or telephone sentencing and the right to have an in-person proceeding at a later date. The motion should also advise the court of the number of family members or friends who wish to speak at the sentencing, as well as any objections to the Presentence Report that may require witness testimony. Any motion should include a certification from the defendant's attorney that he or she has fully consulted with the defendant regarding the motion for video or telephone sentencing. The government will be asked to respond to any defense motion for a video and telephone hearing and to advise the court whether any victim wishes to be heard at the sentencing and, if so, whether the victim objects to a video or telephone hearing.

In ruling on the motion, the court will carefully weigh whether the limitations of video or telephone sentencing may interfere with the court's ability to conduct a proper and appropriate sentencing hearing.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
November 18, 2021